## No. 4111.

### HENRY G. JETER vs. D. B. PENN.

Plaintiff claims that he was a sort of partner of the defendant's in working two plantations, and that he could not be discharged. But he can not be maintained in this position, for there were none of the elements of a partnership in their agreement. He was neither to receive any of the profits, nor share in any of the losses, of the enterprise. He was merely to receive a certain portion of whatever crops might be made on the plantations, irrespective of any profits which the crops might result in. He was therefore a mere employee, to be paid in a portion of the crops, instead of a certain sum of money. Therefore, being an employee, he could be discharged for cause.

Plaintiff was employed by reason of his knowledge and skill. He certainly had no right, under pretense of bad health, to delegate his trust to another without the consent of his employer. His being unable to attend properly to the business for which he was employed justified his discharge.

The defendant's plea that plaintiff is entitled to nothing, has no force. As defendant retained plaintiff in his employ for some time, he must pay him for the time of his employment in proportion to the value of the crops, under their agreement. The proportion is to be established by the amount for which the crops sold, his demand having been instituted before the crops were gathered, and when the results thereof were conjectural. The proper method of ascertaining his rights is to divide the sum total of the crops by the number of days in the year, and to allow him his share according to the number of days he was in the defendant's employ.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Labatt & Aroni* for plaintiff and appellee. *Finney & Miller*, for defendant and appellant.

MORGAN, J. In January, 1871, defendant employed the plaintiff to manage two plantations in the parish of Tensas. The terms of the plaintiff's employment were that he was to receive one-thirteenth of the product of the two places, besides being furnished with provisions for himself and family, a cook, washerwoman, and fuel.

On the second of May following he was discharged, and on the fourteenth November, 1871, he instituted this suit claiming from the defendant $2484 33 as his share of the crops which would come into the defendant's possession, including expenses which he was put to, and which he claims that the defendant owes him. He had judgment for $1453 73, and the defendant appealed.

Defendant justifies his action in the premises on the ground that plaintiff's health was such as to prevent him from properly discharging his duties. He also alleges want of attention on the defendant's part to his duties, and serious loss as the consequence thereof.

Plaintiff admits (indeed, he alleges it in his petition,) that he was ill, but says that the work which he had undertaken to do had been performed by his son and an assistant, under his directions.

Defendant contends that the work on the plantations was not properly carried on, and that he suffered serious loss by reason of his incapacity and inattention to the business confided to him, and that when he was

discharged his physical maladies and disabilities were such as unfitted and disabled him from performing any service whatever on the plantations.

Plaintiff claims that he was a sort of partner of the defendant's, and that he could not be discharged.

He can not be maintained in this position, for there were none of the elements of a partnership in their agreement. He was neither to receive any of the profits nor share in any of the losses of the enterprise. He was merely to receive a certain portion of whatever crops might be made on the plantations, irrespective of any profits which the crops might result in. He was, therefore, a mere employee, to be paid in a portion of the crops instead of a certain sum of money. Being an employee, he could be discharged for cause.

Did the defendant have cause to discharge him ? He contends not. .

First, he says that the business of the plantations was conducted by his son, assisted by another person, under his direction. But it seems to us evident that in this position he can not be maintained. Plaintiff contracted with him, and not with his son. He was employed by reason of his knowledge and skill, and he certainly had no right to delegate his trust to another without the consent of his employer. He says that the work was done under his directions, but we do not believe that a man confined to his house by sickness can carry on the business of a plantation. Next, he says that his sickness was only temporary, and the testimony does show that he recovered. .

But it is also established that from January, when he took charge of the plantations, up to the time when he was discharged, he was ill, and unable to attend to his duties.

The defendant, under these circumstances, was, we think, justified in discharging him. He says that this was adding cruelty to misfortune. But we think his being unable to attend properly to the business for which he was employed justified his discharge. The physicians who were in attendance upon him were of the opinion that he would soon be restored to health, and the evidence is that he was restored to health. But the necessity for active exertions in order to secure the crop which was then under way was urgent, and we do not think that the defendant was called upon to wait for an event which might or might not happen, and which, if it did not happen, would result to the detriment of his interests. We must judge of his rights at the time he exercised them, and upon this point we are clear that he had the right to discharge him when he did.

The defendant claims that plaintiff is entitled to nothing, but we think that, as he retained him in his employ, he must pay him for the time of his employment in proportion to the value of the crop, under their agree-

ment. This proportion is to be established by the amount which the crops sold for, his demand having been instituted before the crops were gathered, and when the results thereof were conjectural.

One plantation produced $10,759 19; the other $8103 40; total, $18,898 59. If he had remained in charge of the plantations his share would have been $1453 73, and this is what the district judge allowed him. But we think he is only entitled to his proportion up to the time when he was discharged, and we think that the proper method of ascertaining his rights is to divide the sum total of the crops by the number of days in the year, and to allow him for the number of days he was in the defendant's employ. His service commenced on the first of January and ended on the second of May, which would make one hundred and twenty-two days. This would entitle him to four hundred and eighty-five dollars and ninety cents.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by reducing the amount thereof from $1457 75 to four hundred and eighty-five dollars and ninety cents. As thus amended, the judgment is affirmed, appellant to pay the costs in the lower court, these of this court to be paid by appellee.