### No. 9168.

### SCOTT ET AL. *v.* RAMSEY.

LANDLORD AND TENANT.—*Delivery of Produce as Rent.—Conversion.*—By the terms of a lease, a tenant agreed to deliver to his landlord one-third of the grain crop, in the bushel, in pens on the leased premises. Upon threshing the wheat the plaintiff presented himself with sacks and demanded the delivery of one-third of the wheat, which the tenant refused (the whole being then in one pile), but separated it into two parts, taking two-thirds himself, and delivering the remaining third to S., who had no right to it, and who hauled it away, the landlord protesting. In a suit by the landlord against the tenant and S. for conversion— *Held,* that the landlord was the owner of the wheat converted and could maintain the suit; that before separation of the wheat into parts the landlord and tenant were tenants in common thereof, and that when the tenant exercised his right to separate, and actually took two-thirds to himself in severalty, the landlord at once became sole owner of the other third.

From the Knox Circuit Court.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellants.

*H. Burns,* for appellee.

BLACK, C.—This was an action brought by the appellee against the appellants, Scott and Baker, for the conversion of a certain number of bushels of wheat.

The cause was tried by the court, and, upon the request of the parties, the court stated the facts in writing, and the conclusions of law upon them, and judgment was entered accordingly, the appellants having excepted to the conclusions of law.

The only question before us is, whether or not the court erred in its conclusions of law.

The facts and conclusions of the special finding were as follows:

"On November 2d, 1878, the plaintiff, being the owner of a farm in Lawrence county, Illinois, three miles distant from Vincennes, Indiana, leased said farm to said Samuel Baker, by a written lease mutually executed by them, which is in the words and figures following:

"'Whereas, Samuel Baker is now occupying, as a tenant, the farm of three hundred and sixty-seven acres, situated about three miles southwest of Vincennes, Indiana, and being in Lawrence county, Illinois, formerly owned by J. B. Julian and Martin Julian, and now owned by J. F. Ramsey: It is now agreed by Samuel Baker and John F. Ramsey, that all the ground already broken and fit for cultivation is to be put in corn, and cultivated in a good and farm-like manner by the said Baker; and one-third of the product or grain, measured in bushels, is to be delivered by said Baker to said Ramsey, on the place, in pens. The ordinary repairing of fences, etc., is to be done by said Baker. Ramsey is to pay for any new rails or other permanent work ordered by him. It is the intention of this agreement that all land that can be is to be put in corn or grain; but if the lessee is prevented cultivating portions of the land because of an unfavorable season, he is not to be held responsible therefor. Whatever new fencing may be necessary for the protection of the crop is to be paid for by Mr. Ramsey. The lessee agrees to give possession of said land on the 1st day of September, 1879, if notified so to do two months before that date; and if possession is not demanded at that time, and the tenant holds pos-

session after September 1st, 1879, then he agrees to give possession September 1st, 1880, if possession is demanded two months before that date.

"'Witness our hands and seals this 2d day of November,. 1878.                               "'J. F. Ramsey, [Seal.]
                                        "'Samuel Baker. [Seal.]'

"Pursuant to said lease, said Baker took possession of said farm and planted twenty-nine acres of the same in wheat, in the fall of 1878. In July, 1879, said Baker harvested the wheat grown on said twenty-nine acres, and threshed the same on said farm, the whole amount of the wheat so raised and threshed being 255 bushels. Said Baker was present at and superintended the threshing. The wheat was all threshed at one place and run from the machine into one pile, before any division thereof. The plaintiff was present at the threshing, with sacks, to receive the third of the wheat due him under the lease, of which said Baker then had notice; and when said threshing was finished, and before any division thereof, the plaintiff demanded of Baker the delivery to him of one-third of said wheat under said lease; said Baker refused to deliver to plaintiff said third or any part thereof. After said demand, and on the same day that it was made, the defendant Scott came with wagons, teams and sacks, to said wheat; whereupon said Baker divided said wheat, in the presence of the plaintiff, putting two-thirds thereof in sacks belonging to said Baker in one pile, as his share under said lease, and the remaining third in the sacks furnished by said Scott in another pile. Said Scott assisted in said division and hauled away and converted to his own use the third of said wheat put into his sacks as aforesaid. When said division was being made, said plaintiff notified said Scott that one-third of said wheat was due him under said lease, and forbade the removal by Scott of the wheat put into his sacks. Said Scott had no right or title to the third of the wheat received by him as aforesaid, or any part thereof. Said Baker kept and converted to his own use the two-thirds of said wheat put

into his sacks as aforesaid. The plaintiff has received no part of said wheat or anything in payment or satisfaction of his right to one-third thereof. At the time that Scott received the third of said wheat from Baker, the market price of wheat at Vincennes, Indiana, was ninety-three cents per bushel, and three cents less at plaintiff's said farm, the difference being the cost of transportation per bushel from the farm to Vincennes, Indiana. The highest market price for wheat at Vincennes, Indiana, between the time said wheat was threshed and the time of the trial herein, was $1.27 per bushel, and the corresponding market price at said farm was three cents less.

"The court finds the following conclusions of law from the foregoing facts:

"1. The provision in said lease, requiring said Baker to deliver to plaintiff one-third of the grain in pens on said farm, was for the benefit of said Ramsey, and he had the legal right to waive such delivery.

"2. By attending with sacks to receive the third of wheat due him, at the place where the wheat was threshed, and demanding of Baker the delivery there to him of said third, Ramsey waived the requirement to deliver the same in a pen or pens on said farm, and it became the duty of Baker to deliver to Ramsey his third of the wheat at the place where threshed; and the division of said wheat by Baker and the delivery of one-third thereof to Scott and retention of the other two-thirds by Baker were a waiver by Baker of any right to insist upon the delivery of one-third of said wheat in pens on the farm.

"3. Immediately upon the division of said wheat, the third placed in Scott's sacks became the property of Ramsey, and Scott, by taking and converting the same to his own use, and Baker, by aiding and abetting him therein, became jointly liable to Ramsey in damages for the taking and conversion of said third.

"4. The measure of the plaintiff's damages is the value at

the time of taking, to wit: July, 1879, of one-third of said wheat, to wit: eighty-five bushels, at ninety cents per bushel, with six per cent. interest until this date, making in the aggregate, $79.35."

Of the questions involved in the special finding, the only one argued by counsel is that of the ownership of the wheat taken by Scott, it being claimed on behalf of the appellants that the appellee never became the owner thereof, because there was no delivery to him by Baker as stipulated in the instrument under which it was demanded by the appellee, and, on the contrary, there was a refusal to deliver.

If the case were one to be governed by the rules applicable to the transfer of property in goods by sale or by way of payment in specific commodities, it would seem to be true that the appellee did not become the owner of any part of the wheat; for, in the separation thereof and the setting apart of the portions into which it was divided, there was no intention on the part of Baker thereby to transfer the ownership of any wheat to Ramsey. But, admitting that the written instrument executed by these parties was a lease, and that, under its provisions, Baker was a tenant of the land, yet, giving effect to the instrument according to its substantial meaning, Ramsey and Baker were tenants in common of the grain produced upon the land. In such a case of letting upon shares, the fact that it is made the duty of the lessee to divide the uncertain future products into the parts which are to constitute the shares, or the use of the word *pay, yield, give* or *deliver,* in making provision for such division, should not be permitted to change the real character of the relation of the parties as tenants in common of the crop. *Putnam* v. *Wise,* 1 Hill, 234; *Dinehart* v. *Wilson,* 15 Barb. 595; *Harrower* v. *Heath,* 19 Barb. 331; *Bernal* v. *Hovious,* 17 Cal. 542; *Lowe* v. *Miller,* 3 Grat. 205; *Smyth* v. *Tankersley,* 20 Ala. 212.

When Baker, as stated in the finding, exercised his right to separate and take to himself in severalty, two-thirds of the common property, and thereby made partition thereof, the

MAY TERM, 1882.

appellee became the owner in severalty of the remaining one-third.

We think the judgment should be affirmed. ·

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.