80  553
89  373

---

[No. 12570    Department One. — September 20, 1889.]

C. HUDEPO⸱ ⸱, RESPONDENT, v. LIBERTY HILL CONSOLI. .TED MINING AND WATER COMPANY, APPELLANT.

LANDLORD AND TENANT — LEASE — EMPLOYMENT UPON SHARES. — An agreement by a mining company, in the form of a lease for one year, giving to the lessee one half of the gross proceeds of the mine as a return for working the same in an energetic manner, and bearing all expenses, except necessary improvements, which are to be furnished by the lessor, does not create the relation of landlord and tenant, but is an agreement for working the mine on shares, and the parties become tenants in common of the products of the mine when taken out.

ID. — CORPORATION — ACT OF 1880 — RATIFICATION OF LEASE BY STOCK-
HOLDERS — NOTE OF CORPORATION. — Such an agreement is not within
the prohibition of the act of 1880 forbidding the directors of a corpora-
tion to make a lease of the corporate property, unless ratified by
two thirds of the stockholders; and a note given by the corporation to
the party working the mine for his share of the proceeds is valid, and
may be enforced against the corporation.

NOTE OF CORPORATION — VOTE OF DIRECTOR — SURRENDER OF PRIVATE
NOTE TO DIRECTOR — FINDING. — A finding outside of any issue made in
the pleadings, that a note from a director of the corporation defendant to
the plaintiff was subsequently surrendered to him without consideration
by the plaintiff, after the director had voted for the note in suit, does not
establish that the transaction was connected with his action as such di-
rector.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Byrne & Cross,* for Appellant.

, The lease was void, because not ratified by the stock-
holders, and was therefore no consideration for the note,
being in contravention of the statute, and illegal. (Stats.
1880, p. 131; Civ. Code, secs. 1607, 1608, 1667; *Lad-
da* v. *Hawley,* 57 Cal. 54; *Valentine* v. *Stewart,* 15 Cal.
404, 405; *Swanger* v. *Mayberry,* 59 Cal. 91; *Cooper M. Co.*
v. *Ferguson,* 113 U. S. 727, and cases cited; *Springfield
Bank* v. *Merrick,* 14 Mass. 321; *Russell* v. *De Grand,* 15
Mass. 37; *Wheeler* v. *Russell,* 17 Mass. 268, 280; *In re
Comstock,* 3 Saw. 218, 223; *Belding* v. *Pitkin,* 2 Caines, 149;
*Shiffner* v. *Gordon,* 12 East, 304; *Shaw* v. *Hodson,* 11
East, 300; *C. M. H. A. Co.* v. *Rosenthal,* 55 Ill. 90; *Thorne*
v. *Ins. Co.,* 80 Pa. St. 15; *Little* v. *Poole,* 9 Barn. & C. 192;
*Williams* v. *Cheeney,* 3 Gray, 222; *Roche* v. *Ladd,* 1 Allen,
441; *National etc.* v. *Pursel,* 10 Allen, 232; *Allen* v. *Hawks,*
13 Pick. 82.) The vote of Wheeler as director was pro-
cured in consideration of the plaintiff's surrender of
Wheeler's note, and turned the scale in favor of plain-
tiff, and this renders the note to plaintiff void. (1 Mora-
wetz on Corporations, secs. 516, 517; *F. & M. Bank* v.

*Downey,* 53 Cal. 468; 31 Am. Rep. 62; *San Diego* v. *San Diego & L. A. R. R. Co.,* 44 Cal. 106; *Andrews* v. *Pratt,* 44 Cal. 309; *Wilbur* v. *Lynde,* 49 Cal. 290; 19 Am. Rep. 645.)

*Gaylord & Searls,. C. A. & F. P. Tuttle, H. L. Gear,* and *J. F. Sullivan,* for Respondent.

The act of 1880, being for the benefit of stockholders, none but stockholders can object to a disposition of the mining ground by the directors under the corporate seal, and the contract, if a lease, was not void *per se,* but only voidable. (*Boyd* v. *Blankman,* 29 Cal. 33–35; 87 Am. Dec. 146; *Green* v. *Kemp,* 13 Mass. 518; *Ross* v. *Ross,* 3 La. Ann. 533.) The contract was not a lease, but one of employment upon shares, fixing a compensation for services. (*Crowley* v. *Genessee Mining Co.,* 55 Cal. 274; *Bernal* v. *Hovious,* 17 Cal. 592; 79 Am. Dec. 147; *Smyth* v. *Tankersley,* 20 Ala. 212; 56 Am. Dec. 193; *Ponder* v. *Rhea,* 32 Ark. 435; *Somers* v. *Joyce,* 40 Conn. 592; *Scott* v. *Ramsey,* 82 Ind. 330; *Moulton* v. *Robinson,* 26 N. H. 555; *Dinehart* v. *Wilson,* 15 Barb. 595; *Harrower* v. *Heath,* 10 Barb. 331; *Haywood* v. *Rogers,* 73 N. C. 320; *Aiken* v. *Smith,* 21 Vt. 172; *Gardenhire* v. *Smith,* 39 Ark. 280; *Jeter* v. *Penn,* 28 La. Ann. 230; 26 Am. Rep. 98; *Jewett* v. *Brooks,* 134 Mass. 505; *Wilbur* v. *Sisson,* 53 Barb. 258; *Taylor* v. *Bradley,* 39 N. Y. 129; 100 Am. Dec. 415; *Huggins* v. *Wood,* 72 N. C. 256; *Adams* v. *McKesson,* 53 Pa. St. 81; 91 Am. Dec. 183; *Hay* v. *Gronable,* 34 Pa. St. 9; *Garsed* v. *Turner,* 71 Pa. St. 56; *Lehr* v. *Taylor,* 90 Pa. St. 381.) The corporation, having received the full benefit of the work, is estopped from pleading want of power to give a note for the money in its hands which was payable to the employees for the service fully performed by them. (*Argenti* v. *San Francisco,* 16 Cal. 256, 265; *Main* v. *Casserly,* 67 Cal. 127; *Pixley* v. *W. P. R. R. Co.,* 33 Cal. 196; *Fister* v. *La Rue,* 15 Barb. 323; *Bradley* v. *Bradley,* 53 Ill. 413; *Parish* v. *Wheeler,* 22 N. Y. 494; *Denver Fire Ins. Co.* v. *McClellan,* 9 Col. 11; 59 Am. Rep. 134.)

WORKS, J.—Action on a promissory note. Answer, want of consideration. Trial and judgment for the plaintiff. The defendant appeals on the judgment roll.

The court found that the defendant, being a corporation, entered into the following contract with the plaintiff and one Buckman, through its superintendent: —

"Know all men by these presents, that I, S. Wheeler, superintendent of the Liberty Hill Consolidated Mining and Water Company, for and on behalf of said company, have leased, and by these presents do lease, to C. Hudepohl and B. S. Buckman, for the term of one year from the date hereof, the right and privilege to work and mine the ground at or near Little York, in Nevada County, California, known as the Empire and Manzanita claims, on the following terms and conditions, to wit: The said Liberty Hill Company to make all the improvements necessary for commencing and carrying on the work of mining. Said improvements to consist of putting in flumes and under-currents in Scott's Ravine, and a short piece of flume in the big tunnel emptying into said ravine; to furnish sufficient iron pipe and hydraulic machines, and all the water in what is known as the Lower Bear River Ditch, in consideration for which the said Hudepohl and Buckman are to work and mine the said ground in an energetic and workman-like manner, bearing all expenses for the same, and to have and receive one half of all the gross products thereof, including leases of cuts, tunnels, flumes, and bed-rock, which they may have run through and over during the existence of this lease. The other half of such gross products to be paid over to the said Liberty Hill company immediately on clean-ups, or leases or sales being made. Prior to each and every clean-up being made, the superintendent of the Liberty Hill company shall be notified thereof in time to be present if he chooses, and he shall have the custody of all the bullion and the other products until a division be declared.

" In witness whereof I have hereunto subscribed the name of the corporation, this October 10, 1881."

That said agreement was never ratified by the stockholders of the company; that the plaintiff and Buckman worked the mines described in the contract, and delivered the bullion to said Wheeler, who deposited it with the bankers, and drew on them during the lease to pay the expenses of the mining, including the wages of plaintiff and Buckman and their hired help; that when they ceased work there remained in the hands of said superintendent $3,422.01 of their one half of the proceeds of the mines taken out by them, and that the note sued on was given for that sum of money, instead of delivering to them the money or bullion itself; that the president and secretary of the defendant were authorized, by a resolution of the board of directors of the defendant, to execute the note; that the said board of directors consisted of five members; that one was absent, one voted against the resolution, and three in favor of it; that one of the directors who voted for the resolution was indebted to the plaintiff in the sum of five hundred dollars on a promissory note, and shortly after the resolution was passed the plaintiff surrendered said note to said director without consideration.

Buckman assigned his interest in the note sued on to the plaintiff before this suit was commenced.

The appellant contends that the agreement above set out was the only consideration for the note; that said contract was a lease of the real estate of the corporation, and as such was void, for the reason that the same was not ratified by the stockholders, as required by the statute of 1880, which provides:—

"SEC. 1. It shall not be lawful for the directors of any mining corporation to sell, lease, mortgage, or otherwise dispose of the whole or any part of the mining ground owned or held by such corporation, . . . . unless such act be ratified by the holders of at least two thirds

of the capital stock of such corporation.    Such ratification may be made either in writing, signed and acknowledged by such stockholders, or by resolution duly passed at a stockholder's meeting called for that purpose."    (Stats. 1880, p. 131.)

If the agreement could be construed to be a lease of the real estate of the defendant, it may be conceded that the point made against its validity would be well taken; but we do not regard it as a lease.    It is true, the parties so term it in the instrument itself, but that cannot affect its legal construction.    As we construe the agreement, it. was one for the working of the mine on shares, and the parties became tenants in common of the products of the mine when taken out.    (*Bernal* v. *Hovious*, 17 Cal. 545; 79 Am. Dec. 147; *Smyth* v. *Tankersley*, 20 Ala. 212; 56 Am. Dec. 193; *Ponder* v. *Rhea*, 32 Ark. 435; *Somers* v. *Joyce*, 40 Conn. 592; *Scott* v. *Ramsey*, 82 Ind. 330; *Dinehart* v. *Wilson*, 15 Barb. 597; *Aiken* v. *Smith*, 21 Vt. 172; *Haywood* v. *Rogers*, 73 N. C. 320.)

Such a contract does not create the relation of landlord and tenant, but fixes a rule of compensation for services rendered.    It is, in all its essential features, a contract for labor to be performed, and to be paid for by a share of the profits realized from such labor.    (Civ. Code, sec. 1965; *Crowley* v. *Genessee Mining Co.*, 55 Cal. 273; *Gardenhire* v. *Smith*, 39 Ark. 280; *Jeter* v. *Penn*, 28 La. Ann. 230; 26 Am. Rep. 98; *Adams* v. *McKesson's Ex'r*, 53 Pa. St. 81; 91 Am. Dec. 183; *Hay* v. *Gronable*, 34 Pa. St. 9.)

So construing this agreement, it was not within the prohibition of the statute of 1880 above referred to. The plaintiff was the absolute owner of the share of the products of the mine, ascertained and declared by the parties to have been $3,422.01, and the note given by its officers therefor was upon a valid consideration, and binding upon the defendant.

It is further contended that it appears, from the find-

ings, that one of the directors of the defendant was induced to vote in favor of the resolution authorizing the execution of the note, by the surrender of or agreement to surrender to him his note held by the plaintiff. But the court does not so find, and there is no allegation in the pleadings upon which to base such a contention. It is found that the director voted for the resolution, and that his note was afterward surrendered to him by the plaintiff without consideration, but the transaction is in no way connected with his action as such director, and the finding is wholly outside of any issue made in the pleadings.

Judgment affirmed.

Fox, J., concurred.

PATERSON, J., concurring. — I concur. With the money in its treasury for which this note was given, it would be grossly inequitable to allow the *corporation,* after full performance, practically to *retain the money which should have been turned over to Hudepohl and Buckman in specie as their share of the proceeds.* I think the *corporation* is estopped by its acts. (*Argenti* v. *San Francisco,* 16 Cal. 266.)