Anthony P. Savarese, J.
The defendant moves to dismiss the information laid under section 600 of the Vehicle and Traffic Law on the ground that the statute deprives her of her privilege against self incrimination and therefore violates the Fifth Amendment to the United States 'Constitution. Cited in support are Marchetti v. United States (390 U. S. 39) and Byers v. Justice Court (80 Cal. Rep. 553).
Section 600 is a so-called hit-and-run statute requiring the driver of a motor vehicle, which has been involved in an accident resulting in personal injury or property damage, to report the accident to the police.
The Marchetti case held that prosecutions under Federal tax laws of persons engaged in the business of accepting wagers, for failure to register and to pay an occupational tax, must fall before a properly asserted privilege against self incrimination.
It was not a conclusion easily reached. It required the overruling of United States v. Kahriger (345 U. S. 22) and Lewis v. United States (348 U. S. 419), (both dealing with the same tax scheme); it distinguished United States v. Sullivan (274 U. S. 259), (upholding the filing of Federal income tax returns) and Shapiro v. United States (335 U. S. 1), (establishing the 1 ‘ required records ’ ’ doctrine to uphold record-keeping requirements under the Federal Emergency Price Control laws), as well as Murphy v. Waterfront Comm. (378 U. S. 52), (employing the device of “limited use” to preclude assertion of the privilege).
Marchetti inspired a strong dissent from Mr. Chief Justice Warren, a reluctant concurrence from Mr. Justice Stewart and a concurring opinion by Mr. Justice Brennan which took special care to reaffirm the Sullivan and Shapiro decisions. All but Mr. Chief Justice Warren appeared impelled toward the Marchetti holding by the decision in Albertson v. SACB (382 U. S. 70), (disapproving the requirement of registration by Communist Party members).
I consider the Byers decision an unwarranted extension of the Marchetti rule. The language of the majority opinion in Marchetti does not suggest that it was intended other than to strike down a unique statutory scheme aimed at a limited group of individuals engaged in activities generally illegal in nature.
The concurring opinion of Mr. Justice Brennan carefully *1036 makes this point (p. 76)[1] and the majority did not indicate otherwise.
Because of the restrictive factual situations in Marchetti and Albertson, these holdings provide little guidance for determining the suitability of the Marchetti rule to the case at bar.
In the circumstances of this case, I confess I am not aided greatly by the application of such standards as “ substantial and real” and “ trifling or imaginary” (Marchetti, supra, p. 53) or “ real and appreciable ” and “ imaginary and unsubstantial ” (Regina v. Boyes, 1 B. & S. 311), when assessing the hazards of incrimination, or ‘ ‘ extreme ” or “ extravagant ’ ’ (Marchetti, supra, p. 49, citing United States v. Sullivan), when equating the constitutional privilege against a registration procedure.
Any statutory requirement of disclosure impairs the privilege. Yet every such statute is not therefore invalid, as we have seen. It becomes necessary then to test the statute for the purpose it serves, the objects of its thrust, and the extent to which it infringes upon the privilege. This is consistent with all of the holdings (concurrances and dissents) herein above discussed.
I believe, that we need go no farther than to examine the basic purpose of section 600, to distinguish this case, and the equities to be balanced, from Marchetti. The hit-and-run statute primarily is designed to insure against the possibility that a person injured in a motor vehicle accident might suffer aggravation of such injury and possible death from a failure to report. Less dramatically, perhaps but with comparable logic, the same purpose may be assigned to the property damage section of such statutes. This is in striking contrast to Marchetti; whose statute was designed to permit the Government to share in the profits of a universally-condemned activity by taxing the profits therefrom.
Weighing this broad, humanitarian, purpose of the hit-and-run statute against the curtailment of the constitutional privilege, I find the balance to weigh heavily in favor of the former. Without attempting to apply the standards herein before described, the hazards of self incrimination are relatively minimal when viewed beside those in Marchetti and Albertson, and weighed against the public interest to be served by the statute here involved.
*1037 The record-gathering feature of section 600 serves the noble aim of the statute and bears no similarity in concept to that of Marchetti. This statute is directed at the ‘ ‘ broad general public ” as in United States v. Sullivan (supra) not an elite group whose questionable activities are the direct object of the requirement of disclosure.
Accordingly, the motion to dismiss the information is denied.

. “We must take this statute as it is written and as it has been applied. Both the statute and the practice under it clearly further a congressional purpose to gather evidence from citizens in order to secure their conviction of crime. There undoubtedly will be other statutes and practices as to which this determination will be more difficult to make.”