**UNITED STATES of America,**
**Appellee,**

v.

**Frank SQUIRES, Appellant.**

**No. 469, Docket 71–2018.**

United States Court of Appeals, Second Circuit.

Argued Jan. 26, 1972.

Decided March 10, 1972.

**968**

Pierce Gerety, Jr. (Robert Kasanof, The Legal Aid Society, New York City, of counsel), for appellant.

Carter LaPrade, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., and Henry Putzel, III, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, ANDERSON, Circuit Judge, and BONSAL, District Judge.*

BONSAL, District Judge:

Appellant Frank Squires appeals from a judgment of conviction of concealing and storing an automobile, knowing it had been stolen, in violation of 18 U.S.C. § 2313. Appellant was convicted following a 3-day trial before Judge Ryan.

The only issue raised by appellant is the denial of his pretrial motion before Judge Metzner to suppress certain evidence, which motion was heard on July 24, 1969 and decided by Judge Metzner on August 12, 1969.

On January 22, 1969, three detectives of the Yonkers, New York Police Department arrested appellant while he was sitting in a 1967 Cadillac, with the engine running, in the parking lot behind the apartment building in which he lived. The arresting officers had a warrant charging appellant with a traffic violation (a noisy muffler). It does not appear whether the traffic violation related to the Cadillac. Detective Gebbia asked appellant whether he owned the Cadillac, and when he replied that he did, Detective Gebbia asked for the registration—which disclosed that the Cad-

* Of the Southern District of New York, sitting by designation.

illac was registered in the name of Dine-Art Furniture Company and was signed by Philip Squires. Appellant .told Detective Gebbia that Philip was his father's name and that he was sometimes known as Philip Squires and used the name, and that he was an officer of Dine-Art Furniture Company. (It was stipulated at trial that appellant told Gebbia that he was President of Dine-Art Furniture Company, and that the Cadillac was his.) Detective Gebbia then checked the vehicle identification number (VIN) on the doorpost of the Cadillac, and it corresponded to the number on the registration. The detectives searched appellant for weapons and found none. The detectives then asked appellant for the keys to the Cadillac, Detective Gebbia explaining that he was not satisfied with the registration and that it was customary to bring in the automobile for safekeeping. Thereafter, appellant was driven to the police station by two of the detectives while Detective Gebbia drove the Cadillac to the police station.

On arrival at the police station, Detective Gebbia checked the confidential vehicle identification number (CVIN) on the chassis and found that it did not correspond to the VIN on the doorpost. Investigation disclosed that the Cadillac had been stolen in Newport, Rhode Island on August 27, 1967. Thereupon, appellant was arrested for possession of a stolen motor vehicle and the Cadillac was impounded. At appellant's request, an inventory was made of the contents of the Cadillac and among the items inventoried was a 22-caliber rifle.

At the suppression hearing, Judge Metzner found probable cause for making the search at the police station and denied appellant's motion to suppress, stating that—

"The suspicious nature of the story told by the defendant gave the officer probable cause to do what he did here.

"The officer knew the easy and simple way to check defendant's story. The confidential identification number was on the outside of the car. Not only was the matter sought on the outside of the car, but there was no 'general search or rummage of the place.' Go-Bart Co. v. United States, 282 U.S. 344, 358 [51 S.Ct. 153, 75 L. Ed. 374] (1931)."

For the reasons hereinafter stated, we conclude that the officers did not have probable cause to seize the Cadillac and remove it to the police station, and that the results of the inspection made at the police station should not have been received in evidence.

At the time the officers arrested appellant while he was sitting in the Cadillac in the parking lot they had probable cause only to believe that he had committed a traffic offense with a noisy muffler. The Cadillac was in a parking lot used by the occupants of the adjoining apartment house where appellant lived. Therefore there was nothing suspicious about the place in which the officers found the Cadillac and no probable cause at that point to believe that the Cadillac had been stolen. The suspicion raised by the fact that the registration was in the name of Philip Squires and not Frank Squires did not constitute probable cause to believe the Cadillac had been stolen. See Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S. Ct. 1472, 20 L.Ed.2d 538 (1968). At most, the suspicion provided a reason for continuing the inspection at the parking lot. United States v. Lipscomb, 435 F.2d 795 (5th Cir. 1970), cert. denied, 401 U.S. 980, 91 S.Ct. 1213, 28 L. Ed.2d 331 (1971); United States v. Polk, 433 F.2d 644 (5th Cir. 1970); United States v. Johnson, 413 F.2d 1396 (5th Cir. 1969), aff'd en banc, 431 F.2d 441 (5th Cir. 1970); United States v. Graham, 391 F.2d 439 (6th Cir.), cert. denied, 393 U.S. 941, 89 S.Ct. 307, 21 L. Ed.2d 278 (1968); Cotton v. United

States, 371 F.2d 385 (9th Cir. 1967); United States v. Powers, 439 F.2d 373 (4th Cir.), cert. denied, 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434 (1971). Had they continued the inspection at the parking lot and ascertained that the CVIN did not correspond to the VIN and the number on the registration certificate, they would have had probable cause to believe that the Cadillac had been stolen.

Instead of continuing the inspection, Detective Gebbia directed appellant to furnish the keys, and drove the Cadillac to the police station. While circumstances amounting to less than probable cause may justify the minimal intrusion involved in an on-the-scene inspection of the VIN or CVIN, the greater intrusion involved in impounding or seizing a vehicle cannot be justified without probable cause. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Since Detective Gebbia had no probable cause to believe that the Cadillac had been stolen, the only other basis for taking the Cadillac to the police station would have been to protect it. See United States v. Lipscomb, *supra*; United States v. Polk, *supra*; United States v. Cotton, *supra*; People v. Manzi, 21 A. D.2d 57, 248 N.Y.S.2d 306 (1st Dept. 1964) (Breitel, J.). However, since the Cadillac was parked in the parking lot behind the apartment house in which appellant lived, which was an appropriate place for it to be, and appellant did not consent to its removal, the officers did not have a reasonable basis for concluding that it was necessary to take the Cadillac to the police station in order to protect it.

We therefore reverse the appellant's conviction and remand to the District Court for further proceedings consistent with this opinion.