**UNITED STATES of America ex rel. Edward CLARK, Petitioner,**

v.

**William F. MULLIGAN, Chief Probation Officer, Essex County, New Jersey, Respondent.**

Civ. A. No. 692–72.

United States District Court, D. New Jersey.

Sept. 18, 1972.

Stanley C. Van Ness, Public Defender, by Herbert I. Waldman, Newark, N. J., for petitioner.

Joseph P. Lordi, Prosecutor, Essex County, by David Noah Dubrow, Asst. Prosecutor, Newark, N. J., for respondent.

## MEMORANDUM AND ORDER

LACEY, District Judge:

Edward Clark, who is presently on probation under the supervision of Respondent Mulligan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, et seq. Petitioner has standing to seek such relief notwithstanding his enlarged status. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

Petitioner was tried and convicted of possession of heroin, a violation of N.J. S. 24:18–4 et seq. On May 18, 1971, he

was sentenced to a term of from two to three years in the New Jersey State Prison and a fine of $25.00. On February 11, 1972, petitioner's sentence was modified and he was placed on probation for two years.

■ Petitioner's conviction was affirmed by the New Jersey Superior Court, Appellate Division, in an unpublished opinion dated February 23, 1972. The New Jersey Supreme Court denied a petition for Certification on April 18, 1972. State v. Clark, 60 N.J. 351, 289 A.2d 796 (1972). Petitioner has thus exhausted his state remedies. 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner claims that his conviction is constitutionally defective because the heroin admitted into evidence at his trial was procured through an illegal search of his automobile. This issue was first raised on a pre-trial motion to suppress which was heard and denied on March 26, 1971. (Ex. P–1)

The testimony adduced at the suppression hearing and at trial (Ex. P–2) was as follows: On the afternoon of November 3, 1970, petitioner was standing in front of his automobile which was parked on North 14th Street in Newark. The battery in the automobile had been stolen the night before and petitioner was attempting to start it with an old battery. As he worked, petitioner was speaking with several other persons.

An unmarked police car, on routine patrol, was parked near petitioner. The officers observed a pink card on the windshield of the automobile. This card is given to the purchaser of an automobile and allows him fourteen days in which to have a State inspection. The police officers approached petitioner and asked him for his license and registration. They were produced and verified. The police officers then made a phone call and discovered that petitioner was wanted on an outstanding narcotics charge. During this check petitioner

was evidently sitting in the police vehicle.

Petitioner was placed under arrest. The police then drove back to the automobile. One of the officers opened the door and saw a packet of glassine envelopes protruding halfway from between the back rest and front seat. The officer examined the envelopes and concluded that they contained heroin.

The purpose of opening the door to the automobile was to inventory its contents before having it towed away. According to the officers, the impounding of automobiles is standard procedure carried out subsequent to arrest except on traffic violations where an individual claims he can make bail.

■ As a general principle, automobile searches may not demand the same variety of probable cause required for a search of a home or other structure. Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). See United States v. Squires, 456 F.2d 967 (2d Cir. 1972). There is, however, no "automobile exception" to the fourth amendment because some variety of probable cause in addition to exigent circumstances is still normally required for a warrantless search. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Mobility of the vehicle is a normal justification for dispensing with a search warrant. See United States v. Day, 455 F. 2d 454 (3d Cir. 1972); Castaldi v. United States, 453 F.2d 506 (7th Cir. 1971), cert. denied, 405 U.S. 992, 92 S.Ct. 1263, 31 L.Ed.2d 460 (1972). We cannot, however, forget that "the word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." Coolidge v. New Hampshire, *supra*, 403 U.S. at 461–462, 91 S. Ct. at 2035.

■ Turning now to the matter *sub judice*, we note first that the auto-

mobile was without a battery and therefore inoperable. The normal mobility justification is thus not present here. *See* United States ex rel. Johnson v. Johnson, 340 F.Supp. 1368 (E.D.Pa. 1972). Nor can the search be justified as incident to arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969); *cf.* Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S. Ct. 1472, 20 L.Ed.2d 538 (1968). *See generally* Note, Chimel v. California, a Potential Roadblock to Vehicle Searches, 17 U.C.L.A.L.Rev. 626 (1970).

Respondent, however, argues that the search was a reasonable one because the officers here were following established police procedure designed to safeguard the automobile and its contents. It is also asserted that discovery of the drugs was inadvertent.

■■■ We conclude that a search did occur here, Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). The automobile was not forfeited by reason of the drug charge, Cooper v. California, 386 U.S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730 (1967). Nor was the automobile itself evidence of a crime. Harris v. United States, 390 U. S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). We therefore pass to the troublesome question of whether the search which discovered the heroin on the front seat was reasonable and consistent with fourth amendment standards.

■■■ We hold that the limited search and seizure was proper under the highly individualized facts presented here. The reason why the door to petitioner's car was opened was to inventory the contents prior to towing. The objects were in plain view of the officer and the discovery was inadvertent. No search was made of the glove compartment or trunk. It would be untenable to argue that the officer had no lawful authority to be standing on the street next to the automobile.

The factual situation here is somewhat similar to *Harris v. United States,*

*supra.* There, after an automobile had been seized as evidence of a robbery, a police officer searched it for the purpose of inventory and protection while in custody. He found an automobile registration card on the metal strip over which the door closed. The admissibility of the evidence was sustained in a *per curiam* opinion. In so holding, the Court noted:

> It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. [390 U.S. at 236, 88 S.Ct. at 993]

We feel that because the police inventory did not intrude into areas out of plain view the seizure was proper. In addition, we note that the purpose of the intrusion was to inventory objects in the automobile. Under these circumstances, and in view of the fact that petitioner had a battery stolen from his automobile the night before, we cannot condemn the procedure used here.

This determination is also supported by recent authority approving even broader inventory searches. United States v. Edwards, 441 F.2d 749 (5th Cir. 1971); United States v. Pennington, 441 F.2d 249 (5th Cir. 1971), cert. denied, 404 U.S. 854, 92 S.Ct. 97, 30 L. Ed.2d 94 (1971); United States v. Mitchell, 458 F.2d 960 (9th Cir. 1972); United States v. Robbins, 424 F.2d 57 (6th Cir. 1970), cert. denied, 402 U.S. 985, 91 S.Ct. 1674, 29 L.Ed.2d 151 (1971); United States v. Fuller, 139 U. S.App.D.C. 375, 433 F.2d 533 (1970).

Petitioner strongly relies on Mozzetti v. Superior Court, 4 Cal.3d 699, 94 Cal. Rptr. 412, 484 P.2d 84 (1971), where the California Supreme Court overruled a series of lower court cases approving inventory searches. There the inventory search found marijuana in an unlocked suitcase on the back seat. Under those facts, the court rejected the "necessity" argument for such searches and found

less intrusive means of safeguarding the individual's property. *See* Comment, Police Inventories of the Contents of Vehicles and The Exclusionary Rule, 29 Wash. & Lee L.Rev. 197 (1972); Note, 40 Fordham L.Rev. 679, 683–86 (1972).

We find *Mozzetti* to be factually distinguishable. The inventory there was not confined to objects in plain view. In fact, the court specifically noted:

> We have no doubt that the police, in the course of such valid protective measures, may take note of any personal property in plain sight within the automobile being taken into custody . . . . [484 P.2d at 89]

To argue, as petitioner does, that because the search here *might* have gone further than it did it must not be sanctioned is to engage in hypertechnicalities. It is patently obvious that had less intrusive means of protecting the automobile been used the search would have been clearly valid. Our decision thus remains the same notwithstanding the hypothetical possibility of a broader search.

Our decision here does not go as far as some of the cases cited *supra*. Nor do we approve the theory that an inventory search is *per se* reasonable. *See, e. g.* State v. Hock, 54 N.J. 526 (1969); State v. Boykins, 50 N.J. 73, 232 A.2d 141 (1967). *Cf.* Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

The record at hand[1] eliminates the need for an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Accordingly, it is on this 15th day of September, 1972,

ORDERED that the petition of Edward Clark for a writ of habeas corpus be and the same hereby is denied.

It is further certified that no probable cause for appeal exists in this case.

---

1. The following exhibits have been received and considered:
   1. Transcript of motion to suppress, State v. Clark.
   2. Trial transcript, State v. Clark.
   3. Petitioner's brief and appendix on appeal.
   4. State's brief on appeal.
   5. Petitioner's reply brief on appeal.
   6. Order denying Certification.