Anthony P. Savabese, J.
The defendant is charged, with petit larceny, criminal possession of stolen property and unauthorized use of a vehicle. He is before me on a motion to suppress admissions and evidence procured from an alleged warrantless search of the defendant’s motor vehicle. The defendant urges that he was the direct subject of the officer’s inquiry and therefore he was entitled to the constitutional protections afforded by the Miranda warnings. The defendant urges further that the ‘[1] search ’ ’ of his motor vehicle was warrantless and not knowingly or voluntarily consented to.
After hearing I find as follows:
The police officer was requested by the State Police to determine if the defendant still had in his possession the vehicle which was the subject of a New Jersey stolen car alarm, the same having been registered in the defendant’s name with the New York State Department of Motor Vehicles. The officer called at the defendant’s home, the defendant responded and the officer asked him if he owned the car. The defendant replied in the affirmative. Asked if he had a registration for the car, the defendant said he did and produced it. There is conflicting testimony as to whether the officer gave the defendant the Miranda warnings before anything further occurred. I find that the officer did not.
The officer then asked the defendant if he had a bill of sale for the car; the defendant said he did and his wife produced it for the officer.
Thereupon the officer had the defendant accompany him to the car which was parked in front of the residence. The defendant opened the car door at the officer’s urging and the officer examined the VIN number on the door jam. He found, it to correspond with the number on the registration. The officer then •directed the defendant to open the car hood, whereupon he examined the manufacturer’s number which corresponded to the other two. The officer then arrested the defendant.
The issue raised by this motion is critical, so the defendant urges, because there is no evidence of the defendant’s guilt except his own admissions and such evidence as was disclosed in' the examination of the ear interior. This contention is perhaps broader than the facts warrant but is of no significance to this decision in any event.[1]
*910 The issue here presented was first considered in People v. Rodney P. (Anonymous) (21 N Y 2d 1) on facts remarkably similar to the case at bar.
In that ease the police arrested A who identified B as an accomplice. A directed the police to B’s home where they encountered three hoys standing near B’s house. The police asked which of them was B. B identified himself and upon interrogation (four minutes), B admitted the subject theft$ after the police called Ms father, and took B to the station house, he signed a confession. The Miranda warnings were not given.
The majority opinion upheld the introduction of the admissions and confession as not having been elicited 6 ‘ under circumstances which are likely to affect substantially the individual’s 6 will to resist and compel him to speak where he would not otherwise do so”’. Cited were Miranda v. Arizona (384 U. S. 436), (which established the 61 custodial interrogation” doctrine) and Escobedo v. Illinois (378 U. S. 478), (where the test was whether the investigation had focused on-the accused).[2] The court used a u reasonable man ” test to determine whether the circumstances were such that they could have led the defendant to believe be was under restraint.
The opening of the car hood or door is nothing more than a check for identification of a vehicle and not a search; (see Cotton v. United States, 371 F. 2d 385; United States v. Baker, 452 F. 2d 21; United States v. Ware, 457 F. 2d 828; and, also, People v. Spinelli, 42 A D 2d 64). Arguably, however, in the instant case it may assume aspects of a search, with the defendant being called upon to leave his house, proceed to the car, unlock the same and open the door and hood to inspection by the officer. Accordingly, the same contentions as to the voluntariness of the defendant’s consent and co-operation must be considered. People v. Rodney P. (Anonymous) (21 N Y 2d 1, supra), applied here as well, and the examination of the motor vehicle interior was proper on the reasoning in that decision.
Defendant’s counsel concedes that had the defendant been in the car when the officer came upon it, the officer would have been entitled to make a routine 11 car check” involving the same inquiries without assessing a reason therefor and indeed, without being in possession of the information received from the *911 State PoEce. Were he then to have inquired of headquarters whether there was an active alarm on the ear, and were he then to receive a report in the affirmative, both Ms questioning and examination of the oar would be proper under current case law. [3]
It is unnecessary herein to labor the rationale behind the accepted governmental exercise of its police power described so aptly as a “ car check ”, which is codified in New York and contained in section 401 of the Vehicle and Traffic Law, The question posed by this motion is whether such rationale should ■survive the happenstance that the defendant was not in the yeMele at the time the inquiry was made. I think it should; and I hold that no constitutional rights were violated by the pursuit of this inquiry and the direction to open the car and hood to ascertain the VIN and manufacturer’s numbers.
I find no difficulty in extending the ££ car check ” rationale to the case at bar. When a car owner applies for and receives a registration for an automobile, he holds himself out as the owner thereof and induces the licensing authority to act in reliance thereon and, indeed, to confirm his ownership status by issuing to Mm the registration and plates therein described, he thus submits himself (and rightly so) to any reasonable inquiry initiated through appropriate enforcement authorities as to the contents of the application and Ms continuing proprietary interest in the subject vehicle.
The operation of that vehicle within the jurisdiction of the Ecensing authority properly is a continuing concern of the State, as the registration and plates are issued under strict and limited conditions in the public interest. The <£car check” rule is a recognition of this and a declaration that the individual’s freedom is second to the public weal in this very limited exercise off sovereign power.[4] This is neither a harsh nor unreasonable restraint of freedom. It is compatible with the constitutional guarantees which were designed not to thwart the reasonable use of police authority but to insure against excesses in the use thereof.
The choice offered by the defendant in this motion would cause the police investigation to take on aspects of a Keystone Cop comedy, with the police staking out the defendant’s home to *912 await Ms emergence therefrom and entrance into the parked veMcle, so that the interrogation might assume the accepted legal form of a ‘ ‘ car check ’
If such an inquiry he proper if the defendant is in the car and the police do not yet have inf ormation which suggests that the defendant is in the commission of a crime, can it be less proper if the defendant is in his home, before which the car is parked, when the police do have official information suggesting that he is in probable commission of a crime? I think not.
Accordingly, both the admissions of the defendant and the indicia of ownership resulting from police examination of the car were properly procured and defendant’s motion to suppress them is denied.

. Indeed, upon the facts found, it is arguable that the officer was armed with sufficient information to give him probable cause to believe the defendant was in the commission of a crime (possession of stolen property), when he observed the subject automobile parked before the defendant’s home.

. The Miranda court, in a footnote, declared that what was meant by the test announced in Escobedo was: Whether the “person has been taken into custody or otherwise deprived of his freedom of action in any significant way ”, (384 U. S. 436, 444.)

. United States v. Powers, 439 F. 2d 373; United States v. Johnson, 413 F. 2d 1396; United States v. Cross, 437 F. 2d 385; see Vehicle and Traffic Law, § 401.

. See also for similar reasoning California v. Byers (402 U. S. 424); People v. Christiansen (62 Misc 2d 1034); People v. Samuel (29 N Y 2d 252) wherein the constitutionality of a “ leaving the scene ” statute was upheld as not violating the defendant’s privilege against self incrimination.