**UNITED STATES of America, Appellee,**

**v.**

**Armon Doss POWERS, Appellant.**

**No. 14787.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 11, 1970.

Decided March 16, 1971.

Daniel Lee Brawley, Wilmington, N. C., court-appointed counsel (Marshall, Williams & Gorham, Wilmington, N. C., on brief) for appellant.

J. C. Proctor, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

■ Claiming that a warrantless inspection of an automobile's confidential identification number was an illegal search, Armon Doss Powers appeals his conviction of violating the Dyer Act [18 U.S.C. § 2312]. We hold that when there is a legitimate reason to identify a motor vehicle, inspection of its confidential number is not an unreasonable search, and we affirm.

On the night of November 4, 1969, Powers was arrested for speeding and driving while his license was revoked. Because Powers was jailed, the police directed a garageman to remove and hold his car. At the time of the arrest, the state highway patrolman noticed that the vehicle identification number plate was missing from the door post. He promptly sent out a tracer on the license plate number and called for assistance in identifying the vehicle. The next day, the arresting officer, along with the special agents he requested, inspected the automobile without a search warrant for the sole purpose of identifying it. They opened the left door of the car and confirmed the absence of the vehicle identification plate. Two of the officers got beneath the car and recorded the confidential number which is impressed in a remote and barely accessible place. The number disclosed the car was stolen. At his trial, Powers contended, as he does on appeal, that the confidential number was inadmissible because the officers obtained it in violation of his Fourth Amendment rights.

Courts differ about the legality of obtaining a motor vehicle's identification number without a search warrant. Some have held a warrantless search to be illegal—and the number inadmissible in evidence—when the vehicle's inspection was not incident to a lawful arrest. United States v. Nikrasch, 367 F.2d 740 (7th Cir. 1966); Simpson v. United States, 346 F.2d 291 (10th Cir. 1965). In contrast, other courts have admitted evidence of the number on the theory that the inspection which disclosed it was not a search within the meaning of the Fourth Amendment, or alternatively, that the search was reasonable, or that the accused lacked standing to contest it. United States v. Williams, 434 F.2d 681 (5th Cir. 1970); United States v. Johnson, 413 F.2d 1396, 1399 (5th Cir. 1969), reh. en banc, 431 F.2d 441 (5th Cir. 1970); United States v. Graham, 391 F.2d 439 (6th Cir. 1968); Cotton v. United States, 371 F.2d 385 (9th Cir. 1967); and see Simpson v. United States, 346 F.2d 291, 296 (10th Cir. 1965) (Judge Pickett dissenting).

■ Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), compel the conclusion, we believe, that inspection of a car's identification number is a search subject to the proscrip-

tions of the Fourth Amendment. In *Davis*, the Supreme Court, while noting the differences between fingerprints and articles taken from a prisoner, nevertheless excluded from evidence prints taken during unlawful detention. And in *Terry*, the Court rejected the notion that when police stop and frisk a suspect their actions do not rise to the level of a search and seizure. Police action in each case, the Court held, involved governmental invasion of a person's privacy, and, therefore, its fruits were subject to the exclusionary rule that the Court has fashioned to enforce the Fourth Amendment. Similarly, inspection of a vehicle's identification number, which necessarily requires examining parts of the car not in plain view, may intrude on the occupants' privacy by unlawfully detaining them. If the evidence that the inspection produces is to be used against them, it must be obtained, just as in *Davis* and *Terry*, by conduct sanctioned by the Constitution.

■■■ The Fourth Amendment, as the Court has emphasized, was adopted to protect the right to be free from unreasonable searches, and the "specific content and incidents of this right must be shaped by the context in which it is asserted." Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 1873 (1968); Wyman v. James, 400 U.S. 309, 408, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971). The two most significant factors affecting the legality of a search for identification numbers are first, the mobility of a motor vehicle, see Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1925); and second, the "expectation of privacy" that a person may reasonably claim for those parts of his vehicle where identification numbers are posted. Cf. Katz v. United States, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Mr. Justice Harlan concurring).

■■■ The mobility of motor vehicles causes them to be attractive to criminals

in two respects. They are easily and frequently stolen; and, whether stolen or not, they are convenient—sometimes indispensable—instruments of crime. Because cars are mobile, it is often impractical for police officers to secure warrants to search them, and the Court, recognizing this difficulty, has long distinguished the search of automobiles from the search of buildings. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). But mobility alone does not justify unbridled search of those parts of a vehicle where one has a reasonable expectation of privacy. Thus, warrantless searches of the trunk, the glove compartment, the console or similar areas have been approved only within strict limitations, such as a requirement of probable cause to search the car, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), or a search incident to a lawful arrest, Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), or a showing the car itself was contraband, Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

■■ Inspection of a car's identification number differs from a search of a vehicle and seizure of its contents in one important aspect. The occupants of the car cannot harbor an expectation of privacy concerning the identification of the vehicle. The state requires manufacturers to identify vehicles by affixing identification numbers which are also recorded in registries where the police and any interested person may inspect them.[1] Since identification numbers are, at the least, quasi-public information, a search of that part of the car displaying the number is but a minimal invasion of a person's privacy. A police officer, therefore, should be freer to inspect the numbers without a warrant than he is to search a car for purely private property. Because of the car's mo-

---

1. For example, the registration of motor vehicles is mandatory both in New York, the state in which the vehicle was stolen, N. Y. Vehicle and Traffic Law § 401 (McKinney's Consol.Laws, c. 71, 1970), and North Carolina, the state in which Powers was apprehended, N.C.Gen.Stat. Ann. § 20–50 (1965).

bility, he may have little opportunity to do so if he must first secure a warrant or have probable cause for a search or arrest. Nevertheless, the legality of the search cannot be predicated on the "inarticulate hunches" or subjective "good faith" of the officer. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Instead it should be tested by the objective standard stated in *Terry*, 392 U.S. at 22, 88 S.Ct. at 1880:

> "[W]ould the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?"

This standard can be met, we conclude, when the officer has a legitimate ground for checking the identification number. Cf. Cotton v. United States, 371 F.2d 385, 393 (9th Cir. 1967) (alternative holding). Requiring more, such as probable cause, is unjustified because of the minimal invasion of privacy resulting from search of the parts of the vehicle where the identification numbers are placed, the quasi-public nature of the numbers, and the frequent need to check them expeditiously before the car is moved. Requiring less, or refusal to treat the inspection as a search, could thwart rights secured by the Fourth Amendment by subjecting the owners of vehicles to unrestrained governmental intrusion.

The officers became suspicious about the ownership of the car Powers had been driving because the identification number was missing from the door post. Quite reasonably this fact alerted the police to the need for further investigation, and it alone furnished a legitimate reason for checking the confidential number. We need not, therefore, describe other circumstances that would justify a search for an identification number. Also, since the officers did not detain Powers to conduct their search, we have no occasion to determine at what point a search for identification numbers would become unreasonable because of unlawful detention or harassment of the vehicle's occupants, cf. Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), and Terry v. Ohio, 392 U.S. 1, 15, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (dictum), or because of any other circumstance.

We find no merit in Powers' other assignments of error. The judgment is affirmed.