STATE OF NORTH CAROLINA v. VAUGHN L. BAGNARD

No. 743SC708

(Filed 4 December 1974)

1. Searches and Seizures § 1— evidence in plain view — warrantless seizure permissible

When an officer's presence at the scene is lawful (and at least if he did not anticipate finding such evidence), he may, without a warrant, seize evidence which is in plain sight and which he reasonably believes to be connected with the commission of a crime.

2. Searches and Seizures § 1— marijuana in plain view in vehicle — warrantless seizure proper

Marijuana seized by a state trooper from defendant's car without a warrant was admissible in a prosecution for felonious possession of more than five grams of marijuana with intent to distribute where the trooper stopped defendant to check his vehicle registration, defendant could produce no registration card, the trooper legitimately opened the driver's door to obtain the serial number of the car for his official report, he then saw a bag in plain view within fifteen inches of where the serial number was located, and he could see marijuana through the holes in the bag.

State v. Bagnard

3. **Criminal Law § 50; Narcotics § 3— substance as marijuana — officer's opinion not prejudicial**

Even if the trial court erred in allowing the arresting officer to give his opinion that bags found in the car defendant was operating contained marijuana, defendant was not prejudiced since a lab report was introduced into evidence which identified the substance as marijuana.

4. **Narcotics § 3— dog tags and cigarette papers seized in warrantless arrest — admissibility**

In a prosecution for possession of marijuana with intent to distribute, the trial court did not err in allowing into evidence defendant's "dog tags" and cigarette papers seized without a warrant from the vehicle which defendant was operating at the time of his arrest.

5. **Narcotics § 4— constructive possession of marijuana — sufficiency of evidence**

Evidence was sufficient for the jury to find that defendant had both the power and the intent to control the disposition and use of marijuana so as to have it in his constructive possession where such evidence tended to show that defendant had been given the keys and the custody of a vehicle by its owner, there were 443.1 grams of marijuana found in the car while defendant was the driver, and one of the two bags of marijuana was located just inside the car's door on the driver's side, unobstructed by the seat.

6. **Criminal Law § 124— two defendants — inconsistent verdicts — no error**

Criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency; therefore, it was not error for the trial court to allow an inconsistent jury verdict which found a codefendant guilty of possession of marijuana but defendant guilty of possession with intent to distribute.

APPEAL by defendant from *Peel, Judge,* 11 March 1974 Session of Superior Court held in CRAVEN County. Heard in the Court of Appeals on 12 November 1974.

Defendant was tried upon a bill of indictment charging him with felonious possession of more than five grams of marijuana with intent to distribute.

Evidence for the State tended to show that Trooper DeBose of the North Carolina Highway Patrol stopped a 1962 Ford vehicle driven by defendant and requested to see a driver's license and registration card. Defendant failed to produce a registration card. Trooper DeBose informed defendant that he had information that the vehicle was improperly registered and immediately placed defendant under arrest for operating a vehicle with improper registration. After arresting defendant,

Trooper DeBose opened the door on the driver's side of the car to obtain the serial number of the car located on the door jamb. DeBose noticed a plastic bag on the floor of the car which he immediately recognized as containing marijuana. A further search of the car revealed another bag of marijuana situated under the front passenger's seat, a military "dog tag" bearing defendant's name and two packets of cigarette papers. The report of a chemist was introduced into evidence without objection, and it identified the first and second bags as containing 19.9 grams and 423.2 grams of marijuana, respectively.

Defendant's evidence tended to show that the car belonged to a Marvin Martin and that Martin frequently allowed other people to borrow the car. According to defendant, Martin was leaving the country and had left the car in defendant's custody. On that same day, defendant had gone to a local bar and stayed there until shortly before 2:00 a.m. at which time defendant and Michael Huckaby left the bar. Neither defendant nor Huckaby had transportation home until defendant saw Martin's car parked near the bar. It was dark at the time and both defendant and Huckaby testified that they did not see the marijuana when they got into the car and drove away.

From a verdict of guilty as charged and a sentence of two years in the State prison camp for youthful offenders, defendant appealed.

*Attorney General Carson, by Assistant Attorney General T. Buie Costen, for the State.*

*Charles K. McCotter, Jr., for defendant appellant.*

MARTIN, Judge.

For his first assignment of error, defendant contends the trial court erred in overruling defendant's motion to suppress evidence obtained by Trooper DeBose's warrantless search of the car. In support of his contention defendant argues that (1) he was not under arrest when Trooper DeBose initially opened the car door and saw the marijuana and such action by Trooper DeBose constituted an unlawful search and (2) even if he was under arrest at the time the marijuana was found, the arrest was unlawful and any search incident thereto was unlawful. Since we hold that the search was not unreasonable, regardless of whether defendant was under lawful arrest or not, we do not reach the issue of defendant's arrest.

State v. Bagnard

[1, 2] "When an officer's presence at the scene is lawful (and at least if he did not anticipate finding such evidence), he may, without a warrant, seize evidence which is in plain sight and which he reasonably believes to be connected with the commission of a crime, even though the 'incident to arrest' doctrine would not apply; and such evidence is admissible." 1 Stansbury, N. C. Evidence (Brandis' Revision), § 121 a, p. 372. After voir dire examination, the trial court made findings of fact which can be summarized in part as follows: Trooper Spainhour was investigating a hit and run offense and had linked evidence from the scene to the Ford which defendant was later found driving. Spainhour checked the license tag on the Ford and determined that it belonged to a later model Chevrolet. Spainhour gave this information to Trooper DeBose and asked him to watch the Ford and stop the vehicle for purposes of Spainhour's investigation. DeBose did stop the vehicle and asked defendant Bagnard for the registration card. Being unable to produce it, DeBose placed Bagnard under arrest for improper registration and opened the driver's door to obtain the serial number of the car for his official report. As DeBose looked for the serial number on the door jamb, he saw a bag in plain view and within fifteen inches of where the serial number was located. DeBose could see marijuana through the holes in the bag. He arrested defendant for possession of marijuana and thereafter searched the rest of the car. The findings of fact were amply supported by competent evidence on voir dire, and, therefore, they are conclusive.

Since it is obvious and uncontested that Trooper DeBose inadvertently discovered the bag of marijuana in plain sight and reasonably believed that it was marijuana, then the only question remaining is whether his presence next to the front seat of the car while looking for the serial number of the car was lawful.

"Inspection of a car's identification number differs from a search of a vehicle and seizure of its contents in one important aspect. The occupants of the car cannot harbor an expectation of privacy concerning the identification of the vehicle. The state requires manufacturers to identify vehicles by affixing identification numbers which are also recorded in registries where the police and any interested person may inspect them. Since identification numbers are, at the least, quasi-public information, a search of that part

of the car displaying the number is but a minimal invasion of a person's privacy. A police officer, therefore, should be freer to inspect the number without a warrant than he is to search a car for purely private property." *United States v. Powers* (CA4 N.C.) 439 F. 2d 373, *cert. denied,* 402 U.S. 1011, 29 L.Ed. 2d 434, 91 S.Ct. 2198 (1971).

The Court in *Powers* holds that an inspection for the identification number of a car constitutes a search under the Fourth Amendment and then discusses the proper standard by which to test the reasonableness of the search. It adopts the objective standard contained in *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968) where the Court poses the question:

> "[W]ould the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?"

Such a standard focuses on the facts as they appeared to the officer and as they would be acted upon by a man of reasonable caution. "This standard can be met . . . when the officer has a legitimate ground for checking the identification number." *United States v. Powers, supra.* We believe *Powers* to be a sound approach to the immediate issue.

After voir dire examination, the trial court found that the vehicle driven by defendant had been previously investigated by Trooper Spainhour in connection with a hit and run offense in another county. The investigation indicated that the license plate on the car was not registered to that car. Trooper Spainhour gave this information to Trooper DeBose and asked that he stop the vehicle. Under these circumstances, Trooper DeBose had a legitimate reason for checking the car's serial number on the door jamb, and his action was clearly appropriate. While lawfully present checking the serial number, Trooper DeBose discovered the marijuana in plain sight on the floor of the car. Therefore, this evidence was admissible and not the result of an unreasonable search, and the trial court properly overruled defendant's motion to suppress it.

[3] Defendant also contends it was error to allow Trooper DeBose's opinion testimony that the bags found in the car contained marijuana. Assuming, without deciding, that his testimony was inadmissible, we fail to see how defendant was

prejudiced thereby since a lab report was introduced into evidence which identified the substance as marijuana, and nowhere in the record is this conclusion questioned.

[4]  The State introduced into evidence defendant's "dog tags" and cigarette papers found in the vehicle, and defendant contends there were inadmissible because they are not contraband and, thus, not subject to seizure. We disagree. In *Warden, Maryland Penitentiary v. Hayden*, 387 U.S. 294, 18 L.Ed. 2d 782, 87 S.Ct. 1642 (1967), the Supreme Court rejected the old distinction between "mere evidence" and contraband where there was a warrantless search subsequent to a "hot pursuit." Defendant cites *Marron v. United States*, 275 U.S. 192, 72 L.Ed. 231, 48 S.Ct. 74 (1927). *Marron* involves a search pursuant to a search warrant, and while it may still have some validity where items amounting to "mere evidence" are seized under a search warrant naming other items, it clearly does not apply to the present case. See *State v. Zimmerman*, 23 N.C. App. 396, 209 S.E. 2d 350 (1974).

[5]  Next, defendant argues it was error to deny defendant's motion for nonsuit on the charge of unlawful possession of marijuana with intent to distribute because there was no evidence that defendant knew of the presence of marijuana.

> "An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. . . . [T]he State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' [Citations]." *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972).

In the instant case, defendant had been given the keys and the custody of the vehicle by its owner. There were 443.1 grams of marijuana found in the car while defendant was the driver. One of the two bags of marijuana was located just inside the car's door on the driver's side, unobstructed by the seat. Viewing the evidence in a light most favorable to the State, the jury could find that defendant had both the power and the intent to control its disposition or use so as to have it in his constructive possession. The trial court correctly overruled defendant's motion for nonsuit.

[6]  Finally, defendant argues it was error for the trial court to allow an inconsistent jury verdict which found a codefendant, Michael Huckaby, guilty of possession of marijuana while the same jury found defendant guilty of possession with intent to distribute. Defendant has not shown us in the record where he made a motion based on the foregoing grounds. Nevertheless, most modern authorities agree that criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency. *State v. Stitt,* 18 N.C. App. 217, 196 S.E. 2d 532 (1973). Thus, assuming that the jury verdict was inconsistent, defendant's argument still lacks merit.

We have reviewed defendant's other assignments of error, and we hold that they are also without merit.

No error.

Judges BRITT and HEDRICK concur.