STATE OF NORTH CAROLINA v. ROBERT EDWARD YOUNG

No. 169A81

(Filed 30 March 1982)

1. **Criminal Law § 115— conviction of "less degree" of crime charged—meaning of "less degree"**

    As used in the statute permitting a defendant to be convicted of the crime charged in the indictment or of a "less degree" of the same crime, G.S. 15-170, a crime of "less degree" is not exclusively one which carries a less severe sanction than the crime formally charged in the indictment.

2. **Criminal Law § 115— conviction of "less degree" of crime charged—same penalties for both crimes—due process**

    The submission of a crime which carries the threat of identical punishment as a lesser included offense of the crime charged in the indictment pursuant to G.S. 15-170 does not violate constitutional due process.

3. **Larceny § 4— indictment for common law robbery—conviction of larceny from the person**

    A defendant who has been formally charged with common law robbery may be convicted of the "lesser included" offense of larceny from the person pursuant to G.S. 15-170 upon proper instructions to the jury by the trial court.

APPEAL by defendant as a matter of right, pursuant to G.S. 7A-30(2), from the decision of the Court of Appeals (*Judge Robert Martin*, with *Judge Harry C. Martin* concurring, and *Judge Becton* dissenting) reported at 54 N.C. App. 366, 283 S.E. 2d 812 (1981). The Court of Appeals affirmed the judgment of conviction entered by *Clark, Judge*, at the 24 November 1980 Criminal Session of Superior Court, WAKE County.

Defendant was charged in a bill of indictment with the offense of common law robbery. In pertinent part, the evidence for the State tended to show that defendant snatched fifty dollars from the hand of James Blue who was walking on a street in Raleigh on 22 September 1980. At the close of all of the evidence, the trial court granted defendant's motion to dismiss for the insufficiency of the evidence upon the charge of common law robbery.[1] However, the trial court submitted to the jury a charge of

---

1. There was no evidence that the theft was accomplished or accompanied by an assault upon the person. Common law robbery is the felonious taking of money or goods of any value from the person or presence of another against his will by means of violence or fear. *State v. Moore*, 279 N.C. 455, 183 S.E. 2d 546 (1971).

larceny from the person, G.S. 14-72(b)(1), as a lesser included offense. The jury found defendant guilty of larceny from the person, and the trial court thereupon sentenced defendant to a term of imprisonment for seven to ten years.

Other facts, which are not relevant to the single issue presented in this Court, may be gleaned from the opinion of the Court of Appeals at 54 N.C. App. 366, 283 S.E. 2d 812 (1981).

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Assistant Appellate Defender Marc D. Towler for the defendant-appellant.*

COPELAND, Justice.

The sole question presented for our review is whether the trial court erred in submitting the crime of larceny from the person as a lesser included offense of common law robbery, the crime charged against defendant in the bill of indictment. A majority of the Court of Appeals held that the trial court did not err in this respect, and we agree with that conclusion.

Our courts have consistently considered robbery to be merely an aggravated larceny and thus have held that a defendant may be properly convicted of larceny from the person upon an indictment for common law robbery. *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194 (1966); *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595 (1964) (and cases there cited); *State v. Moore,* 211 N.C. 748, 191 S.E. 840 (1937); *State v. Cody,* 60 N.C. 197 (1864); *State v. Kirk,* 17 N.C. App. 68, 193 S.E. 2d 377 (1972); *see State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834 (1948); *accord* 67 Am. Jur. 2d, Robbery § 7 (1973). Nevertheless, defendant essentially asks us to reexamine the validity of the foregoing precedent in light of his contentions that: (1) larceny from the person is not a crime of "less degree" of common law robbery, under G.S. 15-170, because both crimes are felonies carrying the same penalties (maximum imprisonment of ten years); and (2) the submission of a crime which carries the threat of identical punishment as a lesser included offense of the crime charged in the indictment would violate con-

stitutional due process.[2] These arguments are meritless, and we shall not belabor the obvious at length.

[1]　In pertinent part, G.S. 15-170 provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime. . . ." This Court has construed G.S. 15-170 to refer to both "included" and "lesser" offenses of the indicted charge. *State v. Black,* 286 N.C. 191, 209 S.E. 2d 458 (1974); *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233 (1960); *see State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582 (1959). An offense is "included" in the crime formally charged if all of its essential elements are also averred in the indictment. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). There is no requirement in our law that an included offense must also be one which is subject to less punishment than the "greater offense" charged in the indictment. *Cf. State v. McLawhorn,* 43 N.C. App. 695, 260 S.E. 2d 138 (1979), *discretionary review denied,* 299 N.C. 123, 261 S.E. 2d 925 (1980). Thus, we hold that a crime of "less degree" under G.S. 15-170, *supra,* is not, contrary to defendant's contention, exclusively one which carries a less severe sanction than the crime formally charged in the indictment.

[2]　Since defendant cites no authority in his brief to support his naked assertion regarding due process, *supra,* we summarily reject his claim that G.S. 15-170 is unconstitutional. Defendant's constitutional rights to be informed of the nature of the accusation against him and to prepare for his defense were adequately enforced by means of an indictment charging an offense which necessarily included all of the "essential constituents" of another offense, which also arose upon the same criminal facts. *See State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968); *State v. Rorie, supra.*

[3]　In sum, we reaffirm today an established line of precedent in our state and hold that a defendant, who has been formally charged with common law robbery, may be convicted of the "lesser included" offense of larceny from the person pursuant to G.S. 15-170 upon proper instructions to the jury by the trial court.

---

2. Judge Becton dissented in the Court of Appeals upon the same grounds urged by defendant in this Court for a reversal of his conviction.

State v. Young

The decision of the Court of Appeals is affirmed.

Affirmed.