STATE OF NORTH CAROLINA v. GLENN WAYNE BULLARD

No. 8616SC388

(Filed 16 September 1986)

**1. Criminal Law § 75— confession—voluntariness—admissibility**

Evidence was sufficient to support the trial court's finding that defendant's statement was freely, voluntarily, and understandingly made where it tended to show that an officer went to defendant's residence; defendant was coherent; no promises or inducements were made to defendant for making a statement; defendant made a statement which the officer recorded; the officer read it back to defendant who agreed that it was accurate; defendant read the statement himself; defendant indicated that he had completed the tenth grade; and defendant signed the statement in the presence of the officer.

**2. Kidnapping § 1.2; Rape § 5— first degree kidnapping and rape—variations in testimony—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for first degree rape and first degree kidnapping, and variations among the

State v. Bullard

victim's testimony and confessions of two codefendants created discrepancies for the jury to resolve but did not warrant dismissal; furthermore, there was no merit to defendant's contention that he was entitled to dismissal because the victim's testimony was irreconcilable with certain physical facts established by the State's own uncontradicted evidence.

**3. Criminal Law § 124.5; Rape § 5— two defendants—inconsistent verdicts—conviction for lesser-included offense proper**

There was no merit to defendant's contention that it was error for the trial court to allow an inconsistent jury verdict which found his codefendant not guilty of kidnapping or first degree rape while the same jury found defendant guilty of second degree rape; nor was there error in defendant's conviction for the lesser-included offense of second degree rape, though he contended that all the evidence would indicate that, if he were guilty of rape at all, then he would be guilty of first degree rape.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 21 January 1986 in ROBESON County Superior Court. Heard in the Court of Appeals 28 August 1986.

Defendant was tried on indictments charging him with first degree rape and first degree kidnapping. The State's evidence tended to show, in pertinent part, that:

On 24 August 1985 around 10:00 p.m., the victim, a fifteen-year-old girl, was waiting at a service station for her older sister to make a phone call when defendant, Terry Locklear, and Leonard Hunt approached her in a car operated by Locklear. Defendant pushed the victim into the rear seat of the two-door car, and Locklear drove the car away from the service station. After driving for about ten or fifteen minutes, Locklear stopped the car on a dirt road, and each man raped the victim in the back seat of the car. Defendant and his companions then brought the victim to a "Red and White" store where they let her out of the car.

At trial the State introduced, and the court admitted, the confessions of defendant and Terry Locklear, who was tried with defendant. Regarding defendant, the jury returned a verdict of guilty of second degree rape. Defendant Locklear was found not guilty on all charges. Defendant appealed from a judgment of imprisonment.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Robert D. Jacobson for defendant-appellant.*

WELLS, Judge.

[1]  Defendant contends the court erred by denying his motion to suppress his confession. Specifically, defendant contends his confession "was not voluntarily and understandingly made." We disagree.

"Where the trial judge finds upon competent evidence that defendant's statements were made freely and voluntarily after having been fully advised of his constitutional rights, such a finding is conclusive and will not be disturbed on appeal." *State v. White*, 298 N.C. 430, 436-37, 259 S.E. 2d 281, 285 (1979). *See also State v. Simpson*, 314 N.C. 359, 334 S.E. 2d 53 (1985). This is the rule even though the evidence is conflicting. *Simpson, supra.* After conducting a *voir dire*, the court here found that defendant's confession "was made freely, voluntarily, and understandingly [and that] defendant fully understood his constitutional rights to remain silent and his right to counsel, and, finally, that . . . [he] freely, knowingly and intelligently and voluntarily waived each of these rights and thereupon made the statement to Deputy Clark . . . ."

Defendant contends that the testimony of Foster Locklear, the father of Terry Locklear, shows that defendant "could not understandingly make a confession." On *voir dire*, Foster Locklear testified that as to defendant's ability to read and write that defendant "might can write his name, but as far as writing a letter or something . . . he wouldn't have the education to do that, because . . . he went to school just to be going; I'll put it like that." Locklear further testified that defendant dropped out of school during the tenth grade.

Officer Clark testified on *voir dire* that, when he first met defendant at defendant's residence, defendant was coherent. Officer Clark testified that he did not promise defendant anything or give him any inducement for making a statement. At no time, according to Officer Clark, was defendant under any kind of pressure, coercion or influence to give a statement involuntarily. Officer Clark's testimony continued:

    A. When we began I asked him a few questions and he would respond and then I just told him, I said, "just go ahead and tell me what took place," and he more or less narrated it

and then as I went back to reduce it to writing I would ask him questions more or less to recollect what he had told me to begin with.

Q. Okay. Once you got done writing it down, did you read it back to him?

A. I did.

Q. Did he agree that what you had written down was an accurate rendition and recordation of his statement?

A. He did.

Q. Did you give him the opportunity to look it over himself?

A. I did.

Q. Did he ever—did he do so?

A. Yes, sir.

Q. Did he appear to be reading it?

A. He did.

Q. Did he ever indicate to you that he had any deficiency in schooling such that he could not read?

A. He did not.

Q. Did you happen to ascertain how far he had gone in school?

A. I did.

Q. How far did he say?

A. He stated he completed the 10th grade.

Q. All right. Once having gone over the statement with him and having given him the opportunity to go over the statement and it appearing that he appeared to be doing that, did you give him the opportunity to sign the statement?

A. I did.

Q. Did he sign the statement?

A. Yes, sir.

Q. In your presence?

A. Yes, sir.

We hold that Officer Clark's testimony shows that defendant understood the events which his statement related to and understood the effect of making his statement. This evidence was sufficient to support the court's finding that defendant's statement "was made freely, voluntarily, and understandingly." Accordingly, this assignment of error is overruled.

[2]    Defendant contends the court erred in denying his motions to dismiss. We disagree.

Upon a motion to dismiss in a criminal action,

[t]he evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion. [Citations omitted.]

*State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980).

To prove its case the State primarily relied on the testimony of the victim and the confessions by defendant and Terry Locklear. Defendant maintains that the statements given by himself, Locklear and the victim "were completely and totally irreconcilable" because, while the victim indicated that Hunt raped her first, defendant stated that Locklear raped her first, and Locklear stated that he was the only one who had sex with her and that defendant was nowhere around.

We hold that the variations among the victim's testimony and the two confessions are not "completely and totally irreconcilable," as defendant argues, but at most create a discrepancy in the State's case. "Contradictions and discrepancies, even in the State's evidence, are matters for the jury and do not warrant nonsuit." *State v. Bolin*, 281 N.C. 415, 424, 189 S.E. 2d 235, 241 (1972). *See also Powell, supra.*

Defendant further contends in support of his motions to dismiss that the victim's testimony "was irreconcilable with certain physical facts that were established by the State's own uncontradicted evidence." Specifically, it is impossible, according to defendant, for two people to have intercourse in the back seat of a two-door car while a third person holds the victim. However, the evidence when viewed in the light most favorable to the State suggests no such physical impossibility.

For the foregoing reasons, we hold that the court properly denied defendant's motions for dismissal. This assignment of error is overruled.

[3] Defendant contends the court erred in denying his motion to set aside the verdict and motion for new trial. Defendant contends that it was error for the court to allow an inconsistent jury verdict which found his co-defendant, Terry Locklear, not guilty of kidnapping or first degree rape while the same jury found defendant guilty of second degree rape. Defendant concedes that under existing law criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency. *State v. Bagnard,* 24 N.C. App. 54, 210 S.E. 2d 93 (1974), *cert. denied,* 286 N.C. 416, 211 S.E. 2d 796 (1975). Further, defendant contends that "[a]ll the evidence . . . would seem to indicate that if [defendant] were guilty of rape, then he would be guilty of first degree rape, because somebody was holding on to the victim." Defendant again concedes that under existing law he could be convicted of the lesser degree of the crime charged, or second degree rape, under these circumstances. N.C. Gen. Stat. § 15-170 (1983); *State v. Young,* 305 N.C. 391, 289 S.E. 2d 374 (1982). Defendant requests that "we reconsider these rules in this particular case."

We hold that *Bagnard,* G.S. § 15-170 and *Young* control the result here and that the court thus properly denied defendant's motions. Accordingly, this assignment of error is overruled.

No error.

Judges PHILLIPS and MARTIN concur.