**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5860

LAWRENCE MCCOY HOLMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CR-95-13)

Submitted: May 21, 1996

Decided: June 3, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert F. Rider, RIDER, THOMAS, CLEAVELAND, FERRIS &
EAKIN, Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, S. Randall Ramseyer, Assistant United States
Attorney, Rick A. Mountcastle, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lawrence McCoy Holman appeals his convictions for possession of a stolen vehicle, 18 U.S.C.A. § 2313(a) (West Supp. 1996), changing a vehicle identification number ("VIN"), 18 U.S.C.A. § 511(a) (West Supp. 1996), and knowingly making false statements to a federal agent, 18 U.S.C.A. § 1001 (West Supp. 1996). He alleges the district court improperly failed to suppress evidence of the Government's search of his car, which was conducted without a warrant and without his permission, but while it was in the possession of an acquaintance. Additionally, he alleges the district court erred by letting a Government witness testify to impermissible double hearsay. Finding no error, we affirm.

Holman was president of Adwolf Motors, Inc., which held title to a white Ford XLT Lariat Super Duty Diesel truck ("the rollback"). The Government alleged Holman illegally placed VIN numbers from two legitimately titled vehicles on the rollback, which was constructed from two stolen vehicles. The Government began investigating Holman when Timothy Shumate, Holman's acquaintance, told FBI Agent Larry Bartlett that Holman told him the rollback had a "problem" and that Shumate thought it was stolen. Bartlett told Shumate the FBI was interested in looking at the rollback. Almost one month later, Shumate borrowed the rollback from Holman to tow another car, and contacted Bartlett. The next day, FBI agents searched the rollback for its identifying numbers. In doing so, they learned that the rollback contained false VIN numbers and stolen parts.

During trial, Holman's attorney cross-examined Bartlett about the search:

> Q: That was when, at your insistence, a quote, unquote,
> friend of Mr. Holman went and borrowed the vehicle,

2

the rollback vehicle and brought it to where you could examine it?

A: This friend had advised me that there was problems --

Q: I'm not asking you what someone told you sir; I'm asking you whether or not at your insistence a person went and got the vehicle?

A: No sir, he did not.

Q: You did not insist upon someone going to get the vehicle?

A: I told him that if he had the vehicle, that I would be glad to look at it.

(JA 50-51). On redirect examination, Holman objected to the following testimony:

Q: Did Mr. Shumate volunteer to allow you to examine it?

A: Yes, sir. He provided the vehicle to us for examination.

Q: And why did you tell Mr. Shumate you'd be happy to examine it?

A: Because Mr. Shumate advised me --

(Holman's attorney):We object to what Mr. Shumate advised.

(The court): I'll overrule your objection. I believe the door was opened in this aspect.

A: Because Mr. Shumate advised me Mr. Holman had told him there was a problem with the vehicle, that he believed it was stolen.

(JA 55).

3

First, Holman alleges that the FBI unlawfully searched the rollback when it failed to get a warrant or his consent. Additionally, he contends that Shumate acted as a government agent when he let the FBI search the vehicle. However, a defendant has only a minimal expectation of privacy in a vehicle's VIN numbers, and an officer need have only a "legitimate ground' for checking the number. United States v. Powers, 439 F.2d 373, 375-76 (4th Cir.), cert. denied, 402 U.S. 1011 (1971); see also Rakas v. Illinois, 439 U.S. 128, 143 (1978) (stating that the Fourth Amendment is not implicated unless a defendant has a reasonable expectation of privacy in the area searched). VIN numbers are a part of the public domain, as states require manufacturers to affix them and they are recorded in registries for use by police and any other interested party. Powers, 439 F.3d at 375-76. Further, Agent Bartlett had a legitimate reason to inspect the rollback-- Shumate's stated belief that the vehicle was stolen. Thus, Holman did not have a reasonable expectation of privacy in the VIN numbers, and the district court properly admitted evidence of the FBI's search.*

Second, Holman challenges the district court's admission of Bartlett's allegedly impermissible double hearsay testimony. The claim fails, though, because, even if the testimony was impermissible double hearsay, its admission was harmless error because it could not have substantially swayed the judgment. See United States v. Sanders, 964 F.2d 295, 299 (4th Cir. 1992). Bartlett's testimony about Holman's statement to Shumate did not involve a clear admission by Holman. Rather, Shumate merely told Bartlett that Holman told him "there was a problem with the vehicle" and that he (Shumate) believed it was stolen. Additionally, the weight of the remaining evidence was sufficient to convict Holman. The Government established that the rollback's seat and engine came from a stolen vehicle; that the engine VIN number was altered and restamped with a false num-

_____

*To the extent that Agent Bartlett's ground for checking the VIN number was not adequate to meet the Powers standard, the search was permissible on other grounds. Shumate had authority of the rollback and consented to its search. United States v. Carter , 569 F.2d 801, 803 (4th Cir.), cert. denied, 435 U.S. 973 (1978); United States v. Eldridge, 302 F.2d 463 (4th Cir. 1962). Shumate was not acting as an agent of the government when he so consented. United States v. Kinney, 953 F.2d 863, 865 (4th Cir.), cert. denied, 504 U.S. 989 (1991).

4

ber; and that the rollback's VIN number was not stamped by a Ford stamp or in a Ford factory. Further, the Government established that the rollback's steering column, dash, cab, rear axle, and wiring were inconsistent with the year of the vehicle, but were consistent with the years of the stolen vehicles.

Accordingly, we affirm Holman's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

5